# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

PHOENIX ENVIRONMENTAL, LLC, et al.

       Appellants,

v.                                                                CV 12-215 MV/WPL

PHOENIX ENERGY SERVICES, LLC, et al.

       Appellees.

---

PHOENIX ENVIRONMENTAL, LLC,

       Debtor.                                         Bankruptcy No. 11-15031-s11

PHOENIX ENERGY SERVICES, LLC,
a New Mexico limited liability company,

       Plaintiff,                                       Adversary No. 11-01199-s

v.

PHOENIX ENVIRONMENTAL, LLC,
a New Mexico limited liability company,
EVERETT A HODGE, II & JANA L. HODGE,

       Defendants.

## ORDER

    This matter is before me on Appellant/Debtor/Defendant Phoenix Environmental, LLC's ("Phoenix") Notice of Appeal and Motion For Leave to Appeal and its request for attorneys fees and costs for filing the motion. (Doc. 1 at 3-5, 8-9, 19-28.) Appellee/Plaintiff Phoenix Energy Services ("Energy") filed objections to the motion. (*Id.* at 14-16.) Phoenix wishes to appeal an order of abstention from the United States Bankruptcy Court for the District of New Mexico, which remands

the underlying adversarial proceedings to state court. (*Id.* at 6, 8.) The Honorable Martha Vazquez has entered an order of reference in this matter, requesting that I make findings of fact, conduct legal analysis, and recommend an ultimate disposition. (Doc.2.) Since I find that Phoenix has an absolute right to appeal and its motion is moot, I do not need to file a Proposed Findings and Recommended Disposition in this matter.

Under 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8001(a), a party to a bankruptcy proceeding has the right to appeal a final judgment directly to the district court of the United States. It is well settled that an order granting a motion for abstention and remanding a case to state court is a final order. *See Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 713 (1996) (citations omitted) ("[T]he abstention-based stay order [is] appealable as a 'final decision' under § 1291 because it put the litigants 'effectively out of court.'"); *In re Midgard Corp.*, 204 B.R. 764, 769 (B.A.P. 10th Cir. 1997) (holding abstention orders "are final orders under the collateral order doctrine [because] [t]hey conclusively determine the disputed questions of . . . jurisdiction, resolve an important issue completely separate from the merits of the action, and would be effectively unreviewable on appeal from a final judgment on the merits.")

Phoenix is appealing an order granting a motion to abstain. This is a final order under the collateral order doctrine. Energy's objection that an abstention order is not a final order is contrary to the law and entirely without merit. (Doc. 1 at 14-15.) However, I decline to award Phoenix attorney's fees and costs for filing a motion for leave to appeal in light of Energy's objections. I order the Notice of Appeal to proceed, and I deny as moot Phoenix's Motion for Leave to Appeal.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

2